UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| COLLEEN KRUPA, | |
| Plaintiff, | Civil Action No. 14-5705 (JAP)(DEA) |
| v. | **MEMORANDUM OPINION AND ORDER** |
| MUNIR AHMED, M.D., *et al.*, | |
| Defendants. | |

ARPERT, Magistrate Judge

This matter comes before the Court on two Motions: (1) a Motion by Plaintiff for the entry of default judgment as to Defendant Munir Ahmed, M.D. and Defendant Jersey Shore Orthopaedics (collectively "Defendants") [Dkt. No. 8]; and (2) a Cross-Motion by Defendants to vacate the entry of default [Dkt. No. 9]. For the reasons set forth below, Plaintiff's Motion for default judgment is DENIED and Defendants' Cross-Motion to vacate the entry of default is GRANTED.

**I.    BACKGROUND**

Plaintiff's Complaint was filed on September 12, 2014 and alleges violations of the Fair Labor Standards Act ("FLSA") and the New Jersey Law Against Discrimination ("NJLAD") by Defendants. *See* Dkt. No. 1. On November 18, 2014, the Clerk of the Court entered default against Defendants. *See* Dkt. No. 7. On November 24, 2014, Plaintiff filed a Motion for default judgment against Defendants. *See* Dkt. No. 8. On January 6, 2015, Defendants filed a Cross-Motion to vacate the Clerk's entry of default. *See* Dkt. No. 9.

1

## II.  DISCUSSION

The entry of default and default judgment is governed by Federal Rule of Civil Procedure 55. Pursuant to Rule 55(c), "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The decision to set aside an entry of default rests within the court's discretion, and courts generally disfavor entry of default judgment. *Tozer v. Charles A. Krause Milling Co.,* 189 F.2d 242, 244-45 (3d Cir. 1951). In exercising its discretion to vacate the entry of default, the Court must consider three factors: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was a result of the defendant's culpable conduct." *Gold Kist, Inc. v. Laurinburg Oil Co.,* 756 F.2d 14, 19 (3d Cir. 1985). The Third Circuit disfavors defaults or default judgments, preferring "doubtful cases to be resolved in favor of the party moving to set aside the default ... so that cases may be decided on their merits." *United States v. $55,518.05 in U.S. Currency,* 728 F.2d 192, 194–95 (3d Cir.1984) (quotations omitted).

First, Plaintiff will not be prejudiced by vacating the entry of default. While the Court is mindful of Plaintiff's desire to move a case along, "delay in realizing satisfaction or the fact that the plaintiff will have to prove its case on the merits are rarely sufficient to prevent a court from opening up a default." *Itche Corp. v. G.E.S. Bakery, Inc.,* No. 08–3103, 2008 WL 4416457 at *2 (D.N.J. Sept.24, 2008) (citing *Feliciano v. Reliant Tooling Co.,* 691 F.2d 653, 656–57 (3d Cir.1982)). Prejudice under this prong accrues due to a "loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." *Id.* "[T]he inevitable dimming of witnesses' memories" is also recognized as a form of prejudice. *Scarborough v. Eubanks,* 747 F.2d 871, 876 (3d Cir.1984). Here, Plaintiff does not claim that she will be prejudiced by vacating the entry of default and allowing Defendants to file an Answer. There is no indication or assertion that any evidence has been lost or that Plaintiff will have any increased difficulty in

2

obtaining relevant discovery. Accordingly, the Court finds that this factor weighs in favor of vacating default.

Second, Plaintiff has not argued that the delay in this case was due to any culpable conduct by Defendants. Culpable conduct, in the context of Rule 55(c), requires an examination of the "willfulness" or "bad faith" of a non-responding Defendant. *Hritz v. Woma Corp.,* 732 F.2d 1178, 1183 (3d Cir.1984). Here, Defendants claim that their delay in responding to Plaintiff's Complaint was due to difficulty in obtaining funds to retain counsel. According to Defendants, by the time Defendants were able to gather the funds to retain counsel, default had already been entered. Based on the record before the Court, it appears that any delay was caused by Defendants' difficulty in retaining counsel and not the product of willfulness or bad faith. Therefore, the Court finds that this factor also weighs in favor of vacating the entry of default.

Finally, the Court must determine whether Defendants have raised a meritorious defense. A meritorious defense is one that if established at trial, would constitute a complete defense to the action. *$55,518.05 in U.S. Currency,* 728 F.2d 192 at 195. The defaulting party must, however, set forth specific facts demonstrating the facial validity of its defense. *Id.* Defendants assert that they have demonstrated a meritorious defense because "Plaintiff was the individual in charge of scheduling and reporting payroll for the office [and therefore] was in control of whether or not her overtime rates were paid." Dkt No. 9 at 2. Defendants further argue that "Plaintiff's harassment claims can be meritoriously defended through depositions of other employees of the Defendants." *Id.*

The defenses offered by Defendants in their Answer are framed in very general terms and offer no specific facts which support a meritorious defense. Defendants fail to demonstrate how Plaintiff's alleged conduct constitutes a defense to Plaintiff's FLSA claim and Defendants have not

presented any defense to Plaintiff's NJLAD claim beyond the general assertion that the depositions of other employees will show that Plaintiff's allegations of harassment are false. Accordingly, the Court finds that this factor weighs against setting aside default.

Although Defendants have failed to demonstrate the existence of a meritorious defense, the Third Circuit favors the resolution of cases on their merits and "courts in this circuit seem unwilling to deny the motion to set aside entry of default solely on the basis that no meritorious defense exists." *Toy v. Hayman*, 2008 WL 5046723, at *4 (D.N.J. Nov. 20, 2008) (citing *Mike Rosen & Assocs. P.C. v. Omega Builders, Ltd.,* 940 F.Supp. 115, 121 (E.D.Pa.1996). Therefore, based on the claims at issue and the factual nature of this case, the Court finds that vacating default in this matter is proper. Accordingly, Defendants' Cross-Motion to vacate the entry of default is GRANTED and Plaintiff's Motion for default judgment is DENIED as moot.

### III.     CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Federal Rule of Civil Procedure 78, and for the reasons set forth above;

**IT IS** on this 10th day of March, 2015,

**ORDERED** that Defendants' Cross-Motion to set aside default [Dkt. No. 9] is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Motion for default judgment [Dkt. No. 8] is **DENIED** as moot; and it is further

**ORDERED** that Defendants' Answer shall be filed no later than 14 days from the entry of this Order.

/s/ Douglas E. Arpert
DOUGLAS E. ARPERT
United States Magistrate Judge